## Case No. 1,987.

### BROWN v. The ALBANY.[1]

District Court, S. D. New York. 1858.

PRACTICE IN ADMIRALTY—PLEADING — LIBEL FOR SUPPLIES FURNISHED.

[A libel for supplies furnished to a foreign vessel must allege that the owner had no funds or credit on which to procure the supplies, except the credit of the vessel.]

[Cited in 2 Pars. Shipp. & Adm. 334.]

[See The Sarah Starr, Case No. 12,354.]

[In admiralty. Libel by Brown against the propeller Albany, a foreign vessel, for supplies. Motion to dismiss the libel. Granted.]

This was an action for supplies. The libel alleged that the supplies were furnished on the credit of the vessel, which was a foreign vessel, and were necessary for her. The case coming on for trial, the claimant moved to dismiss the libel, on the ground that there was no allegation in it that it was also necessary that the credit should be given to the vessel at the time.

Mr. McMahon, for libelant.

Beebe, Dean & Donohue, for claimant.

BETTS, District Judge, said that the U. S. supreme court, in the case of Pratt v. Reed [19 How. (60 U. S.) 359], had decided that no man could have a tacit lien upon any foreign vessel for supplies furnished to her except under circumstances which would authorize a bottomry hypothecation upon her; that this court, being bound by the rule in that decision, must require of libelants in all cases to bring themselves

---

[1] [Not previously reported.]

within that rule by their pleadings, and to aver that the owner has no funds or credit on which to procure the supplies, except the credit of the vessel, and the motion must accordingly·be granted; but the court would allow the libelant to amend his libel by inserting such an allegation.